**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| AIDEN STOCKMAN; NICOLAS TALBOTT; TAMASYN REEVES; JAQUICE TATE; JOHN DOES 1-2; JANE DOE; and EQUALITY CALIFORNIA,<br><br>                    Plaintiffs,<br><br>        v.<br><br>DONALD J. TRUMP, et al.<br><br>                    Defendants. | CASE NO. 5:17-CV-01799-JGB-KK<br><br>~~[PROPOSED]~~ PROTECTIVE ORDER AND CROSS-USE AGREEMENT<br><br>**DISCOVERY MATTER** |
| STATE OF CALIFORNIA,<br>                    Plaintiff-Intervenor,<br><br>        v.<br><br>DONALD J. TRUMP, et al.<br><br>                    Defendants. | |

Pursuant to Federal Rule of Civil Procedure 26(c) and 5 U.S.C. § 552a(b)(11), and for good cause shown, the Court hereby enters the following Protective Order:

1.      <u>Good Cause Statement</u>.  Good cause exists for the entry of this Order. This action is one of four related cases challenging the Government's policy regarding military service by transgender individuals.  *See Doe v. Trump*, No. 1:17-cv-1597 (D.D.C.); *Stone v. Trump*, No. 1:17-cv-02459 (D. Md.); and *Karnoski v. Trump*, No. 2:17-cv-01297 (W.D. Wash.).  In an attempt to litigate the four related cases efficiently, the parties to each of the four cases have agreed that

discovery material that is produced by any party or non-party in any of the named actions will be deemed produced in all four of the cases. In order to facilitate the sharing of discovery materials, the parties to the other three cases have agreed to, and the courts in the other three cases have entered, protective orders and cross-use agreements that are similar to this Order. Defendants have already produced substantial discovery materials to the plaintiffs in the other three cases. Those discovery materials include information otherwise generally unavailable to the public or otherwise protected from disclosure under state or federal statutes, court rules, case decisions, or common law, including internal documents of the Department of Defense, the United States Army, the United States Air Force, and the United States Navy. Pursuant to Defendants' agreement with Plaintiffs and Intervenor in this case, Defendants are prepared to provide the discovery materials that they have produced in the other three cases to Plaintiffs and Intervenors, once this Order and the accompanying Rule 502(d) Order have been entered by the Court. It is the intent of the parties that information will not be designated as confidential for tactical reasons and that nothing be so designated without a good faith belief that it has been maintained in a confidential, non-public manner, and there is good cause why it should not be part of the public record of this case. Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the parties are entitled to keep confidential, to ensure that the parties are permitted reasonable necessary uses of such material in preparation for and in the conduct of trial, to address their handling at the end of the litigation, and to serve the ends of justice, a protective order covering such information is justified in this matter.

      2.    <u>Scope of Order</u>. This Order shall govern the production, use, and disclosure of all information and materials produced by any party or non-party in response to any discovery request in *Stockman v. Trump* (including, but not limited

to, documents, interrogatory answers, responses to requests to admit, and deposition transcripts and exhibits), all information contained in those materials, and all copies, excerpts, or summaries of those materials (collectively, "Discovery Material"). Any use of Protected Material at trial shall be governed by the orders of the trial judge. This Order does not govern the use of Protected Material at trial.

3. <u>Designation of Protected Material</u>. A party or non-party may, in good faith, designate as CONFIDENTIAL and therefore subject to the protections and requirements of this Order, any Discovery Material that the designating party reasonably believes contains confidential information, including personal, proprietary, or sensitive information not generally disclosed to the public. Subject to the exceptions set forth in Paragraph 6, Discovery Material designated CONFIDENTIAL ("Protected Material") shall be used by the receiving parties solely for the prosecution or defense of this action or one of the three related cases *Doe v. Trump*, No. 1:17-cv-1597 (D.D.C.); *Stone v. Trump*, No. 1:17-cv-02459 (D. Md.); *and Karnoski v. Trump*, No. 2:17-cv-01297 (W.D. Wash.) (collectively, the "Named Actions"), and shall not be disclosed to any person or entity unless specifically authorized by the terms of this Order or by further order of the Court. Consistent with the requirements of this paragraph, a party may, within fifteen (15) business days of receipt of the Discovery Materials, by written notice to the other parties, designate as CONFIDENTIAL any Discovery Materials produced or given by the other parties or by a non-party but not designated CONFIDENTIAL by that other party or non-party.

4. <u>Limitations on Use</u>. Subject to the exceptions set forth in Paragraph 6, Protected Material and its contents, as well as copies, summaries, notes, memoranda, and computer databases relating thereto, shall be used solely for the purpose of the Named Actions, shall be and remain confidential, and shall not be disclosed in any fashion, nor be used for any purpose other than litigating the Named Actions.

5.   <u>Limited Disclosure of Protected Material</u>.  Except as stated in paragraphs 5 and 6 below, Protected Material may be disclosed, subject to the specific procedures and provisions contained in this Order, to the following persons and/or entities only:

a)   This Court and the officers, employees, and any stenographic reporters of such courts;

b)   Counsel representing the parties in the Named Actions and their support personnel whose functions require access to Protected Material (collectively "Attorney Professionals");

c)   Outside vendors who perform scanning, photocopying, computer classification, translation, or similar clerical functions, retained by the parties or their counsel in the Named Actions, but only for the purposes of performing such services and only so long as necessary to perform those services;

d)   Independent experts consulted or retained by counsel for assistance in the preparation or prosecution of claims or defenses in the Named Actions, to the extent reasonably necessary for such experts to prepare a written opinion or to prepare to testify or to assist counsel in the Named Actions;

e)   A witness who has been noticed or subpoenaed for deposition or a court appearance in the Named Actions to the extent reasonably necessary for the preparation or giving of his or her testimony about Protected Material; or

f)   Any other person who is so designated by order of this Court or by written agreement of the producing party.

No Protected Material may be disclosed to persons identified in subparagraphs (d), (e) or (f) until they have reviewed this Order and have executed a written agreement in the form attached hereto as Exhibit A, which executed agreements shall be maintained by counsel of record for the party making the disclosure to such persons (provided that Counsel who makes such disclosure shall retain the written agreement but shall not be required to produce it to opposing

counsel until the deposition of the person or without order of the Court).

6. _Order Affecting Pseudonym Plaintiff_. Use and disclosure of the Pseudonym Plaintiff's identity in this action is governed by the Court's Order Granting Doe Plaintiffs' Motion for Leave to Proceed Under Pseudonyms, ECF No. 13, dated September 29, 2017. Use and disclosure of the Pseudonym Plaintiff's identity in _Stone v. Trump_ remain governed by the protective order entered by the Court on September 29, 2017 ("_Stone_ Pseudonym Order"). Use and disclosure of the Pseudonym Plaintiffs' identities in _Doe v. Trump_ remain governed by the September 13, 2017 protective order entered in _Doe v. Trump_ ("_Doe_ Pseudonym Order"). Use and disclosure of the Pseudonym Plaintiff's identity in _Karnoski v. Trump_ remain governed by the Order Granting Motion to Proceed Under Pseudonym entered by the _Karnoski_ Court on October 10, 2017 ("_Karnoski_ Pseudonym Order"). Insofar as there is any conflict between this Order and the Pseudonym Order in this case or the _Stone_, _Karnoski_ and _Doe_ Pseudonym Orders, the Pseudonym Orders shall prevail.

7. _Cross-Use of Discovery Material_. Any Discovery Material produced or provided by any party or non-party in any of the Named Actions shall be deemed produced in the other Named Actions and shall be treated consistently with the terms of this Order, with the exception of any Discovery Materials that include personally identifying information in the Named Actions, including information that would lead to the discovery of the identities of plaintiffs proceeding pseudonymously or other information protected by the Pseudonym Orders.

8. _Effect of Designation_. The designation of Protected Material pursuant to the Order shall not be construed as a waiver of any objection or a concession by any party that such Protected Material is relevant or material to any issue. Nor shall a failure to object to the designation of any such Protected Material be construed as a concession by the receiving parties that such Protected Material is,

in fact, confidential or otherwise entitled to protection under the terms of this Order.  All parties maintain their respective rights to object to production of any requested documents on the grounds that they are otherwise not discoverable, including, but not limited to, objections based on any applicable privilege, undue burden, overbreadth, relevance, and proportionality to the needs of the case. Any party may seek an order from the Court determining that specified Protected Material is not entitled to be treated as CONFIDENTIAL, consistent with the requirements set for in Paragraph 11 of this Order.  Prior to seeking such an order, the party seeking the order may write a letter to the designating party identifying the Protected Material it challenges.  The designating party seeking confidential treatment shall then have four (4) business days from receipt of that letter to respond with its reasons.  Failure to provide a timely response to a letter challenging a confidentiality designation shall be deemed a waiver of the right to demand confidential treatment of the challenged material.  For the purposes of any motion or other request brought by a party seeking an order from the Court determining that specified Protected Material is not entitled to be treated as CONFIDENTIAL, the burden shall be on the designating party to demonstrate that the Protected Material at issue is entitled to such treatment.  Protected Material shall remain subject to the protection of this Order unless and until the Court determines that such Material is not entitled to such designation.

9.  <u>Mechanics of Designation</u>.  No designation of CONFIDENTIAL shall be effective as to a particular page of Protected Material unless there is placed on or affixed to each page of such Protected Material a marking of "CONFIDENTIAL."  In the case of electronic documents produced in native format, such designation may be made on the physical media (e.g., disk, flash drive) containing such electronic documents and on a slipsheet accompanying the native file if the file is served electronically.  Testimony may be designated CONFIDENTIAL within ten (10) business days after receipt of a transcript of said

testimony by furnishing to counsel for the other parties a detailed statement of the specific portions of any such information, by page and line number or exhibit number, by designating lines and pages as confidential by highlighting or digital marking, or by a statement on the record at the time the testimony is given. Pending the expiration of said ten (10) business days, all parties shall presumptively treat the entire deposition transcript as CONFIDENTIAL. In addition to the requirements of this Order, the court reporter before whom a deposition or other testimony relating to Protected Material is taken shall, at the request of any party, designate a portion of the deposition or any exhibits containing Protected Material as CONFIDENTIAL.

10. <u>No Waiver; Late Designation</u>. The failure of a party to designate information or documents as CONFIDENTIAL in accordance with this Order, and the failure to object to such a designation, is not a waiver of the right to do so and shall not preclude a party at a later time from subsequently designating or objecting to the designation of such information or documents as CONFIDENTIAL. The parties understand and acknowledge that a party's failure to designate information or documents as CONFIDENTIAL relieves the other parties of any obligation of confidentiality until such a designation is made. Promptly after written notice to the receiving parties of any such subsequent designation by the producing party, which notice shall specifically identify the documents or information to be designated, the parties shall confer and agree upon a method to mark as CONFIDENTIAL any such subsequently designated documents. All documents containing any such subsequently designated information will be thereafter treated in accordance with this Order.

11. <u>Objections to Designations</u>. A party may, at any time, make a good faith challenge to the propriety of a CONFIDENTIAL designation. In the event a party objects in writing to the designation of any material under this Order, the objecting party shall consult with the designating party to attempt to resolve their

differences.  If the parties are unable to reach an accord as to the proper designation of the material, after giving notice to the designating party, either party may apply to the Court for a ruling regarding the designation.  Any motion challenging a party's designation of Protected Material must be brought in strict compliance with Local Rules 37-1 and 37-2, including the Joint Stipulation requirement.  If such a motion is made, the designating party has the burden of establishing that the designation is proper.  If a timely motion is made, any documents or other materials that have been designated CONFIDENTIAL that are the subject of the motion shall be treated as Confidential until such time as the Court rules that such materials should not be treated as Confidential.

12.  <u>Control of Protected Material</u>.  All Protected Material shall be maintained under the direct control of counsel of record of the, who shall be responsible for preventing any disclosure thereof, except as permitted by the terms of this Order.  Attorney Professionals may review and make working copies, abstracts, and digests of Protected Material for use in connection with the Named Actions, and such working copies, abstracts, and digests shall be deemed Protected Material under the terms of this Order provided that access to Protected Material, in whatever form stored or reproduced, shall be limited to those persons entitled to receive such information pursuant to the terms of this Order and shall be appropriately marked in accordance with the terms of this Order.

13.  <u>Return</u>.  Unless otherwise instructed by the Court, at the conclusion of this action, including any appeals, all Protected Material, in whatever form stored or reproduced, shall be returned to counsel of record for the party who produced said Protected Material, or the receiving parties shall certify that all such information has been destroyed, except that the attorneys for the parties shall be entitled to retain all litigation documents, including exhibits and their own memoranda, containing Protected Material.  Such litigation documents and memoranda shall be used only for the purpose of preserving files on this action,

and shall not, without the written permission of the designating party or an order of this Court, be disclosed to anyone other than those to whom such information was actually disclosed, in accordance with this Order, during the course of the Named Actions.

14.     Filing under Seal.  A party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5.  Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue.  If a party's request to file Protected Material under seal is denied by the Court, then the receiving party may file the information in the public record unless otherwise instructed by the Court.

15.     Subpoena of Protected Material.  If a person in possession of Protected Material who is not the producing party with respect to that Protected Material receives a subpoena or other request seeking production or other disclosure of Protected Material, that person shall immediately give written notice to counsel for the producing party, identifying the Protected Material sought and the date and time that production or other disclosure is required.  In no event should production or disclosure be made without written notice to counsel for the producing party or by further order of the Court or another court of competent jurisdiction.  The party that has designated the Protected Materials as CONFIDENTIAL shall bear the burden and expense of seeking protection of its confidential material and nothing in these provisions should be construed as authorizing or encouraging a receiving party in this action to disobey a lawful subpoena or court order issued in another action.

16.     Inadvertent Disclosure. Should any Protected Material be disclosed, through inadvertence or otherwise, to any person and/or entity not entitled to access or review same, then such person and/or entity:

(a) Shall be informed promptly of all provisions of this Order by the responsible party;

1    (b) Shall immediately be identified to all counsel of record in all

2    Named Actions by the responsible party; and

3    (c) Shall be requested, in writing by the responsible party, to return

4    the material to the responsible party.

5    Inadvertent disclosure by the disclosing party of any Protected Material,

6    regardless of whether said Protected Material was so designated at the time of

7    disclosure, shall not be deemed a waiver in whole or in part of the protectability of

8    the Protected Material in accordance with the terms of this Order, either as to the

9    specific Protected Material disclosed, or as to any other information relating

10   thereto or relating to the same or related subject matter.

11   17.   <u>Modification</u>.  This Order is without prejudice to the right of any party

12   to apply at any time for additional protection, or to amend, modify, or rescind the

13   restrictions of this Order.  The party must provide written notice to counsel of

14   record for all parties in the Named Actions specifying the portion(s) of this Order it

15   seeks to amend, modify, or rescind and any additional provisions it may seek to

16   add to the Order.  The written notice must be served five (5) business days in

17   advance of filing any such motion.  The parties expressly reserve the right to seek

18   modification, amendment, or rescission of this Order by mutual agreement in

19   writing.  Any motion seeking to modify or amend this Order must be brought in

20   strict compliance with Local Rules 37-1 and 37-2, including the Joint Stipulation

21   requirement.

22   18.   <u>Enforcement</u>.  All persons to whom Protected Material is disclosed

23   shall be subject to the jurisdiction of this Court, for the purpose of enforcing this

24   Order.  This Order shall continue in full force and effect, and shall be binding upon

25   the parties and all persons to whom Protected Material has been disclosed, both

26   during and after the pendency of this case.

27

28

**SO ORDERED.**

Dated: April 25, 2018

HON. KENLY KIYA KATO
United States Magistrate Judge