LATHAM & WATKINS LLP
Marvin S. Putnam (SBN 212839)
marvin.putnam@lw.com
Amy C. Quartarolo (SBN 222144)
amy.quartarolo@lw.com
Adam S. Sieff (SBN 302030)
adam.sieff@lw.com
Harrison J. White (SBN 307790)
harrison.white@lw.com
355 South Grand Avenue, Suite 100
Los Angeles, California 90071-1560
Telephone: +1.213.485.1234
Facsimile: +1.213.891.8763

*Attorneys for Plaintiffs Aiden Stockman, Nicolas Talbott, Tamasyn Reeves, Jaquice Tate, John Does 1-2, Jane Doe, and Equality California*

*Counsel continued on Next Page*

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

AIDEN STOCKMAN, et al.

Plaintiffs,

v.

DONALD J. TRUMP, et al.

Defendants.

STATE OF CALIFORNIA,

Plaintiff-Intervenor,

v.

DONALD J. TRUMP, et al.

Defendants.

CASE NO. 5:17-CV-01799-JGB-KK

**PLAINTIFFS' NOTICE OF MOTION AND MOTION TO VACATE AMENDED ORDER ON JOINT STIPULATION TO MODIFY CASE SCHEDULE (ECF NO. 145); MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

**[Declaration of Adam S. Sieff and Proposed Order filed concurrently herewith]**

Hearing
Date: June 3, 2019
Time: 9:00 a.m.
Courtroom: 1
Judge: Hon. Jesus G. Bernal

National Center for Lesbian Rights
Shannon P. Minter (SBN 168907)
sminter@nclrights.org
Amy Whelan (SBN 2155675)
awhelan@nclrights.org
870 Market Street, Suite 360
San Francisco, CA 94102
Telephone: +1.415.392.6257
Facsimile: +1.415.392.8442

GLBTQ Legal Advocates & Defenders
Jennifer Levi (*pro hac vice*)
jlevi@glad.org
Mary L. Bonauto (*pro hac vice*)
mbonauto@glad.org
30 Winter Street, Suite 800
Boston, MA 02108
Telephone: +1.617.426.1350
Facsimile: +1.617.426.3594

**NOTICE OF MOTION AND MOTION**

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that on June 3, 2019 at 9:00 a.m., or as soon thereafter as the matter may be heard before the Honorable Jesus G. Bernal in Courtroom 1 of the United States District Court for the Central District of California, located at the George E. Brown, Jr. Federal Building and United States Courthouse, 3470 Twelfth Street, Riverside, CA 92501, Plaintiffs Aiden Stockman, Nicolas Talbott, Tamasyn Reeves, Jaquice Tate, John Does 1-2, Jane Doe, and Equality California (collectively, "Plaintiffs") will and hereby do move the Court to (i) vacate the Amended Order on Joint Stipulation to Modify Case Schedule (ECF No. 145) and (ii) order the parties to submit a joint proposal for a revised case schedule within 21 days after the United States Court of Appeals for the Ninth Circuit rules on the mandamus petition pending in *Trump v. Karnoski*, No. 18-72159 (9th Cir.).

This Motion is made following the conference of counsel pursuant to L.R. 7-3, which took place via teleconference on April 23, 2019 (*see* Declaration of Adam S. Sieff, ¶ 8), and is based upon this Notice, the accompanying Memorandum of Points and Authorities, the Declaration of Adam S. Sieff filed herewith, the pleadings, records and files referenced herein, and upon such further oral and documentary evidence as may be presented at a hearing on this Motion.

Dated: May 6, 2019

Respectfully submitted,

LATHAM & WATKINS LLP
Marvin S. Putnam
Amy C. Quartarolo
Adam S. Sieff
Harrison J. White

By ______________________
Adam S. Sieff
*Attorneys for Plaintiffs*

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Plaintiffs reluctantly move this Court for an order vacating the current case schedule (the "Motion") to prevent upcoming case deadlines from prejudicing Plaintiffs' ability to obtain relevant evidence necessary to prosecute their claims.

In particular, key discovery issues are now pending before the Ninth Circuit in connection with the mandamus petition filed in the separate but related matter of *Trump v. Karnoski*, No. 18-72159 (9th Cir.) (argued Oct. 10, 2018) (the "Mandamus Petition"). At the time the parties negotiated and submitted the Joint Stipulation to Modify Case Schedule (ECF No. 143), they expected a ruling from the Ninth Circuit in the near future. But months later, these critical issues remain unresolved. Because the parties cannot reasonably expect an appellate ruling on the Mandamus Petition in advance of several critical discovery deadlines in this case, and because Defendants have refused to stipulate to a sensible solution that aligns the case and discovery schedule with the Ninth Circuit—as they did in *Karnoski v. Trump*, No. 2:17-CV-01297-MJP, ECF No. 331 (W.D. Wash. Feb. 20, 2019) (granting joint stipulation) (attached as Ex. C to the Declaration of Adam S. Sieff ("Sieff Decl."))—Plaintiffs respectfully request an order (i) vacating the Amended Order on Joint Stipulation to Modify Case Schedule (ECF No. 145), and (ii) ordering the parties to submit a joint proposal for a revised case schedule within 21 days after the Ninth Circuit rules on the Mandamus Petition.

## II. RELEVANT BACKGROUND

### A. Plaintiffs Coordinate Discovery With Other Pending Actions

This case is one of four constitutional challenges to the government's policy banning military service by transgender individuals. In the weeks following Plaintiffs' filing of this action, and at Defendants' insistence, the parties entered into the Protective Order and Cross-Use Agreement (ECF No. 96), which was intended to enable the parties to coordinate discovery across all four actions and minimize the

burden on Defendants in having to respond to duplicative discovery. In negotiating the cross-use provisions, Defendants specifically requested that Plaintiffs avoid serving discovery early in the action that may be duplicative of discovery served in the other earlier-filed actions, and even suggested that Plaintiffs wait to review discovery responses and document productions made in the other actions. (Sieff Decl., ¶ 2.) Accordingly, Plaintiffs have reviewed the discovery responses served and documents produced in the other actions, and only served written discovery that they believed was not already covered by Defendants' other productions and responses. (Sieff Decl., ¶ 3.)

**B. Defendants' Deficient Discovery Responses in the Other Actions**

Pursuant to the cross-use agreement, plaintiffs in all of the related actions pending around the country have been seeking discovery into key fact issues for more than a year. Because proof of Plaintiffs claims may, among other issues, turn upon the purported government interests supporting the ban and the "deliberative process" preceding its announcement, many of the requests served seek information related to who Defendants consulted before announcing and implementing the ban, what information or evidence Defendants considered, and what instructions, limitations, or other objectives Defendants had in mind, or were required to follow, in developing the policy.

Defendants have responded to discovery requests addressing these and other topics by broadly invoking the presidential communications and deliberative process privileges. These assertions culminated in a string of discovery disputes that Defendants repeatedly lost. *See Karnoski v. Trump*, No. 2:17-CV-01297-MJP, ECF No. 204 (W.D. Wash. Mar. 14, 2018) (granting plaintiffs' motion to compel and ordering production); *Karnoski v. Trump*, No. 2:17-CV-01297-MJP, ECF No. 299 (W.D. Wash. Jul. 27, 2018) (granting plaintiffs' motion to compel and ordering Defendants to turn over documents that have been withheld solely under the deliberative process privilege within 10 days of the date of this order); *Stone v.*

*Trump*, No. 1:17-CV-12459-GLR, ECF No. 227 (D. Md. Nov. 30, 2018) (ordering Defendants' to produce documents withheld under deliberative process and presidential communications privileges).[1] These orders are attached as Exhibits E–G to the Sieff Declaration. The two *Karnoski* orders compelling Defendants to produce the withheld documents have been stayed pending a decision on Defendants' Mandamus Petition in *Trump v. Karnoski*, No. 18-72159 (9th Cir.) (argued Oct. 10, 2018), and the *Stone* court stayed compliance with its order pending disposition of that Mandamus Petition as well, *see Stone*, No. 1:17-CV-12459-GLR, ECF No. 227 at 22. As a result, Defendants have not yet complied with any of these orders, and none of these critical documents will be produced to Plaintiffs, or any of the other plaintiffs in the related cases, at least until the Ninth Circuit rules on Defendants' petition.

### C. Plaintiffs Serve Additional Discovery & Attempt to Meet and Confer with Defendants

Following the U.S. Supreme Court's denial of Defendants' petition for a writ of certiorari before judgment, *Trump v. Stockman*, 586 U.S. ___ (2019), and order staying this Court's preliminary injunction against the ban, *see Trump v. Stockman*, Order List, 586 U.S. 18A627 (Jan. 22, 2019), Plaintiffs served Defendants with additional discovery requests in April 2019. (Sieff Decl., Ex. D.) These discovery requests target new issues not previously addressed by Defendants' responses and productions in connection with discovery served in the other actions. (Sieff Decl., ¶ 6.)

Before serving these requests, Plaintiffs contacted Defendants to advise that the requests were coming, and also to ask Defendants to consider whether they believed the new discovery would lead to similar disputes regarding privilege. (Sieff

---

[1] In *Doe 2 v. Shanahan*, No. 1:17-CV-01597-CKK, ECF No. 188 (D.D.C. Jan. 30, 2019), the district court denied plaintiffs' motion to compel production of the withheld material without prejudice, essentially as moot following rulings by the D.C. Circuit and the U.S. Supreme Court, but did not address, let alone endorse, Defendants' position on the merits.

Decl., ¶ 5.) Defendants asked to see the requests before commenting, so Plaintiffs served them on April 15, 2019, and the parties agreed to discuss the requests and related privilege issues on April 23, 2019. (Sieff Decl., ¶ 5–7.)

During the April 23, 2019 teleconference, Defendants indicated that while they were not prepared to address the substance of their responses, they reserved their right to assert the same contested privileges, and to continue to withhold purportedly privileged documents while the Ninth Circuit considers the merits of their Mandamus Petition. (Sieff Decl., ¶ 8.) In response, Plaintiffs proposed that the parties continue to aggressively pursue discovery where they could, but stipulate to vacate the current case schedule pending the Ninth Circuit's decision on the privilege issues, as Defendants had already done in *Karnoski* .[2] (Sieff Decl. ¶ 9, Exs. A–C.) Plaintiffs explained that proceeding with the current case calendar would otherwise risk reaching critical discovery deadlines before the Ninth Circuit could rule. (Sieff Decl., ¶ 9.) These include cutoff dates to disclose expert witnesses (May 24, 2019), to disclose rebuttal witnesses (June 14, 2019), to serve written discovery (June 21, 2019), and to complete all discovery (August 5, 2019). (*See* ECF No. 145.) Maintaining the current schedule, Plaintiffs explained, would in all likelihood deprive Plaintiffs of relevant evidence, and at a minimum deprive Plaintiffs of necessary guidance to tailor their discovery requests, and claims, moving forward. (Sieff Decl., ¶ 9.) Defendants declined to agree either to vacate the schedule or stipulate to a further continuance. (Sieff Decl., ¶ 10.) Unable to reach a resolution, Plaintiffs have no choice but to seek relief from the Court.

## III. ARGUMENT

---

[2] Defendants had initially suggested that the parties to this action also agree to vacate the schedule—just as they had done in *Karnoski*. However, Defendants subsequently agreed with Plaintiffs to adopt an aggressive set schedule. Because Plaintiffs anticipated a prompt decision on the Mandamus Petition from the Ninth Circuit, they believed this schedule would be adequate. (Sieff Decl., ¶ 4) It is now clear that additional time is needed, and that there is no certainty as to when the Ninth Circuit will issue its decision.

Scheduling orders "entered before the final pretrial conference may be modified upon a showing of 'good cause[.]'" *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 608 (9th Cir. 1992) (citing Fed. R. Civ. P. 16(b)). In the Ninth Circuit, four factors are weighed in order to determine whether there is good cause to modify a case scheduling order: (1) whether the moving party has been diligent in prosecuting its case and seeking the modification; (2) the usefulness of the requested modification; (3) the extent to which granting the modification would inconvenience the court, the opposing party, and the witnesses; and (4) prejudice to the moving party if a modification is not granted. *United States v. 2.61 Acres of Land*, 791 F.2d 666, 671-72 (9th Cir. 1985) (per curiam) (citing *United States v. Flynt*, 756 F.2d 1352, 1359-62 (9th Cir. 1985)).

Courts often find good cause to modify or vacate case schedules when necessary to account for pending appeals and related collateral review. *See, e.g.*, *Farris v. Seabrook*, 2011 WL 3665123, at *2 (W.D. Wash. Aug. 19, 2011) (finding good cause under Rule 16(b)(4) to vacate "all deadlines . . . pending a decision from the Ninth Circuit Court of Appeals"); *Art Etc. v. Angel Gifts, Inc.*, 2011 WL 13232190, at *1 (S.D. Iowa Sept. 12, 2011) (finding "good cause to grant the motion" vacating "all other unexpired deadlines in the case including, specifically, the expert witness disclosure, discovery . . . and dispositive motion deadlines" until "the Eighth Circuit rules on the appeal" at which time "the Court will enter an order concerning resetting deadlines"); *Pogue v. Nw. Mut. Life Ins. Co.*, 2016 WL 3546395, at *2 (W.D. Ky. June 23, 2016) ("The Court concludes that good cause exists to modify the existing case management deadlines in this case . . . pending resolution" of district court's review of the magistrate's order); *see also Koninklijke Philips N.V. v. Zoll Med. Corp.*, 217 F. Supp. 3d 362, 366 (D. Mass. 2016) (finding good cause to modify deadlines because plaintiff's "damages theory may be modified to reflect the ruling of the Federal Circuit in this case").

Here, good cause exists to vacate the case schedule pending the Ninth Circuit's disposition of the *Karnoski* Mandamus Petition, or, at a minimum, continue the deadlines set forth in the current schedule.[3]

***First***, Plaintiffs have and continue to be diligent in readying their case for trial. Including the discovery served in accordance with the Protective Order and Cross-Use Agreement between the parties to all four of the related actions (ECF No. 96), as well as the most recent document requests that Plaintiffs served on April 15, 2019, Defendants have been served with 182 requests for production and 192 interrogatories. (Sieff Decl., ¶ 3.)

Moreover, Plaintiffs have been diligent in seeking the relief sought by this Motion. On April 12, 2019, prior to service of Plaintiffs' most recent requests, Plaintiffs conferred by phone with Defendants' counsel in an attempt to determine whether and to what extent Defendants would be willing to waive any privilege objections to supplemental discovery requests pending the Ninth Circuit's review of their Mandamus Petition in *Karnoski*. (Sieff Decl., ¶ 5.) On April 22, 2019, within a week of service, Plaintiffs followed up by email in order to schedule further discussion with Defendants. (Sieff Decl., ¶ 7.) The parties then discussed the discovery and case schedule on April 23, 2019. (Sieff Decl., ¶ 8–10.) When it became clear on the call that Defendants were not inclined to agree to any modification of the schedule, Plaintiffs promptly prepared this Motion and filed it on the first Monday following the mandatory seven-day waiting period required by Local Rule 7-3.

***Second***, the requested modification will ensure that the parties have adequate time to pursue informed, targeted, and useful discovery following the Ninth Circuit's decision on the *Karnoski* Mandamus Petition. Plaintiffs will almost certainly need to serve new discovery requests, and further meet and confer with Defendants, in

---

[3] While Plaintiffs are open to negotiate a further amended case schedule, to avoid the need to return to the Court again with a similar request, their preference is to vacate the schedule at this time—as the parties have done in *Karnoski*.

response to the Ninth Circuit's ruling on the privilege issues. Modification of the current schedule is necessary to give Plaintiffs time to engage in those discovery efforts, as well as to obtain and review Defendants' responses. Moreover, once those materials are received, Plaintiffs will need time to review and analyze any additional information produced and to depose relevant witnesses. Vacating the case schedule pending the Ninth Circuit's decision and requiring the parties to present the Court with a proposed revised schedule within 21 days will accommodate these needs without preventing the parties from pressing ahead in the interim as they can.

***Third***, Plaintiffs' requested modification will not prejudice Defendants, and it should not inconvenience the Court. It is apparent that Defendants will not suffer any prejudice because the requested modification is the *very same* sensible modification Defendants already agreed to in *Karnoski*. (*See* Sieff Decl., Exs. A–B.) Nor should the requested modification inconvenience the Court, at least apart from the regrettable need to have this Motion heard. Vacating the case calendar and allowing the parties to propose a new schedule following the Ninth Circuit's decision will avoid the need to adjust future deadlines piecemeal.

***Fourth***, the requested modification is necessary to avoid the appreciable risk of substantial prejudice to Plaintiffs in the absence of relief. Because there is no guarantee that the Ninth Circuit will issue its decision on the Mandamus Petition in advance of several critical and upcoming discovery deadlines—including deadlines to disclose expert witnesses, serve written discovery and deposition requests, and even complete discovery itself (*see* ECF No. 145)—adhering to the current case calendar could foreclose Plaintiffs from obtaining relevant, discoverable evidence currently withheld by Defendants, deposing defense witnesses about that evidence, providing that evidence to Plaintiffs' experts, or even retaining new and unanticipated experts as needed to analyze that evidence.

Simply put, with no way of estimating when the Ninth Circuit will rule on Defendants' Mandamus Petition in *Karnoski*, it could become impossible for

Plaintiffs to obtain and develop all of the relevant facts necessary to prove their claims. The severity of that risk alone warrants the reasonable relief that Plaintiffs seek here, and to which Defendants have elsewhere already assented.

## IV. CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request an order (i) vacating the Amended Order on Joint Stipulation to Modify Case Schedule (ECF No. 145), and (ii) ordering the parties to submit a joint proposal for a revised case schedule within 21 days after the Ninth Circuit rules on the Mandamus Petition pending in *Trump v. Karnoski*, No. 18-72159 (9th Cir.).

Dated: May 6, 2019

Respectfully submitted,

LATHAM & WATKINS LLP

By ______________________
Adam S. Sieff
*Attorneys for Plaintiffs*